UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V | * | CRIM. NO.-H-24-543 (9) |
| | * | |
| MARKY BAKER | * | |
| Defendant | * | |

**MARKY BAKER'S MOTION FOR RECONSIDERATION
OF THE DEFENDANT'S REQUEST FOR BOND**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:

COMES NOW, MARKY BAKER, Defendant herein, by and through his attorney of record, James Stafford, and respectfully again moves the Court to reconsider his request to be released from custody and revoke his order of detention on conditions of release based on the following:

I.

Marky Baker is part of a 34-count indictment alleging various offenses, Mr. Baker is named in five counts, namely Count 2: Assault with a Dangerous Weapon in Aid of Racketeering Activity and Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity; Count 3: Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence; Count 29: Possession with Intent to Distribute Five or More Grams of Actual Methamphetamine; Count 31: Felon in Possession of a Firearm; and Count 32: Possession of a Firearm with an Obliterated Serial Number.

II.

Mr. Baker is requesting a review of his Detention Order, pursuant to 18 U.S.C. § 3145(b), that was entered on March 5, 2025 (Doc. 220). In this case, due to the nature of the charges in the indictment it created a rebuttal presumption supporting Mr. Baker's detention pending trial, as a

risk of nonappearance and a risk of danger to the community. During Mr. Baker's detention hearing on March 5th he presentef evidence to rebut the statutory presumption that he was a flight risk and/or a danger to the community.

The evidence produced showed that Marky Baker is 41 years of age and a lifetime resident of the greater Houston, Texas, area. His father is deceased, and his mother resided in a nursing home in Houston but she died shortly after his detention hearing. Due to his incarceration he was unable to attend his mother's service. Mr. Baker has been in a common-law marriage with Meghan Coleman for more than three years. He has two children from a previous marriage, ages 22 and 21, and he has two additional children, ages 19 and 18, from a previous relationship. At the time of his arrest, he was living with Ms. Coleman and his uncle Kevin Banks in his deceased godmother, Rose Faye Soopan's house. Mr. Baker earned his GED in 2009 while incarcerated.

In 2015 Mr. Baker was in a motorcycle accident which caused a traumatic brain injury and still has severe medical issues as result of this accident. According to Ms. Coleman, he was pronounced dead on arrival at Ben Taub Hospital but they were able to revive him. They had to cut the side head open to prevent and to relieve the swelling in his brain. He was in a coma for 32 days and a patient at TIRR for 6-8 months sue to his severe brain trauma. During his recovery medical staff had to teach him how to walk and speak again. His speech today is still impaired and he is often confused. Subsequent to the 2015 accident, he was involved in another motorcycle accident in which he broke his left leg's tibia and fibula. Doctors had to insert metal rods to repair the fracture. During this accident, his helmet also cracked and he suffered another head injury. Mr. Baker cannot recall the severity of his brain contusion.

At the time of his arrest Mr. Baker was no longer a member of the Bandidos Club. He had major disagreement with how they ran things and the things that they did. He was tired of the lifestyle and felt that most of the members were just not good people. Because he did not leave the Bandidos on very good terms, he had paranoia from his past biker's life. And due to his fear that the Bandidos may stop by to harm him or his family, Mr. Baker had firearms at his residence

when he was arrested.

True, Mr. Baker has several felony convictions with many of them occurring more than 25 years ago. He has never been convicted of a violent crime and the fact a person has had multiple felony convictions does not mean that a person per se is a danger to the community. Based on the evidence presented it is reasonable to conclude that if Mr. Baker is released on bond he will not pose a threat to the community.

### III.

In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U. S. v Salerno*, 481 U.S. 739 (1987) at 756. The enactment of the Bail Reform Act of 1984 addressing pretrial detention did not signal a congressional intent to incarcerate wholesale a large category of accused persons awaiting trial. Rather, it is obvious Congress was expressing concerns about "a small but an identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." S.Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in 1984 Code Cong. & Ad.News at 3189.  *U.S. v Orta*, 760 F. 2d 887 (8th Cir. 1985) The legislative history stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial.  It is anticipated that [pretrial release] will continue to be appropriate for the majority of Federal defendants." Id., at 7, 12 reprinted in *1984 U.S. Code Cong. & Ad. News at 3189.*  Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial. *Const. Amend. V & VIII.*

Mr. Baker's offense does place him in that "small but an identifiable group" that would be presumed that they may be particularly dangerous defendants that concerned Congress. Just because the offense is a presumption case, does not mean, per se, that Mr. Baker is a danger.  The Government's opposition to release him is the same as it was at the detention hearing that Mr. Baker is danger to the community. True, as mentioned, he has a lengthy criminal history but no conviction for violence.

The defense recognizes that under the Act, a defendant must be released until trial unless there's no condition or combination of conditions that exist that will reasonably assure the

defendant's appearance in the case or reasonably assure the safety of any other person or the community. The Act also requires that the least restrictive conditions be imposed that are necessary to provide those assurances. If a defendant does not rebut the presumption and the Court finds that there is not any condition or combination of conditions that will reasonably assure a defendant's appearance, or the Court is not reasonably assured there are no conditions that the Court could impose that would reasonably protect the safety of the community, then the Act requires the defendant be held in custody.

      Magistrate Judge Ho found that Mr. Baker rebutted the presumption with respect to at least a risk of nonappearance but found that Mr. Baker was a danger to the community due to the seriousness of the charged offenses and due to Mr. Baker's criminal history Judge Ho this felt weighed in favor of his detention.

IV.

      The Government contends that Mr. Baker committed one of the crimes enumerated in 18 U.S.C.A. § 3142(f)(1)(A). Then in order to seek detention, the Government must establish by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure the safety of any other person and the community. The Government has never met this threshold burden, but even if they did, then the Court must move to the second step and determine whether any condition or combination of conditions will reasonably assure the safety of any other person and the community. See, § 3142(e). In this context, "reasonably assure" does not mean guarantee. *United States v. Orta, 760 F.2d 887, 891-92 (8th Cir. 1985) (en banc)*. "[T]he district court erred in interpreting the 'reasonably assure' standard set forth in the statute as a requirement that release conditions 'guarantee' . . . the defendant's appearance. Such an interpretation contradicts both the framework and the intent of the pretrial release and detention provision of the [BRA]." We feel based on the evidence offered at Mr. Baker's detention hearing the Court can fashion conditions under § 3142(c) that can reasonably assure the safety of the community. 18 U.S.C. § 3142(e); Orta, 760 F.2d at 891. The Government has not submitted any evidence that Mr. Baker is a danger other than the elements of the indictment and his criminal history to support the safety to the community element under § 3142(e). These arguments do not support detention under § 3142(f)(2)(A) nor address the question of whether there are conditions

which will reasonably assure Mr. Baker is not a threat to the safety of any other person and the community.

Mr. Baker requests this Court reconsider it the denial of release and hold a hearing to set conditions of release based on the reasons described herein.

Respectfully submitted,

/s/ James Stafford

JAMES STAFFORD
National Cash Register Bldg.
515 Caroline St.
Houston, Texas 77002-3506
(713) 228-3600
info@staffordkeyserbromberg.com
State Bar No. 18996900
FBN: 5289

*Attorney for Marky Baker*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded to Byron Hugh Black, Assistant U.S. Attorney, via the Court's electronic filing system on this the 18th day of December, 2025.

/s/ James Stafford
JAMES STAFFORD

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rules of the Southern District of Texas counsel for Defendant has not consulted with Assistant United States Attorney in charge of this cause in an attempt to obtain the above-requested relief. From past conversations with AUSA Black he is opposed to this request.

/s/ James Stafford
JAMES STAFFORD

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V | * | CRIM. NO. 25-Cr-H-24-543 |
| | * | |
| MARKEY BAKER | * | |
| | * | |
| Defendant | * | |

**ORDER**

On this the _____ day of _____, 2019, came on to be considered the Marky Baker's Motion for Reconsideration of Defendant's Request for Bond is hereby GRANTED___/DENIED___.

SIGNED on the date set forth above.

_____
UNITED STATES DISTRICT JUDGE